AXEL B. WALLIN, Plaintiff, Appellant, v. HUGH FRANCIS et al., Defendants, Respondents.

Supreme Court, Appellate Term, First Department, April 29, 1924.

Principal and agent — action against stockbrokers for balance of customer's account deposited with defendants — account transferred by sale to another brokerage house without plaintiff's consent — evidence insufficient to warrant inference of ratification of transfer as matter of law.

In an action by the plaintiff to recover the balance of a customer's account deposited with the defendants, stockbrokers, and subsequently transferred by sale to another brokerage house, the evidence did not warrant the trial court in holding as a matter of law that the plaintiff, because he did not protest against the transfer of his account, ratified the acts of the defendants even though he may not have consented.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of the defendants on a directed verdict.

*Gettner, Simon & Asher* (*Herman Asher*, of counsel), for the appellant.

*Leo J. Bondy* (*Morris F. Goldstein*, of counsel), for the respondents.

WASSERVOGEL, J. Defendants were stockbrokers. Between 1918 and 1920 plaintiff had a customer's account with them. In December, 1920, defendants sold their business to another stock exchange brokerage house, known as Charles E. James & Co., and it is not disputed that they then turned over to James & Co. certain

shares of stock belonging to plaintiff, and also a balance of $544.53 in cash.   To recover this balance plaintiff brought this action against defendants.

Did plaintiff consent to the transfer of his account, or subsequently ratify it?   Plaintiff claims he did not receive any notice of the transfer of his account until May 12, 1921.   With this notice he received a card, upon which he was to indicate his consent to the transfer.   He returned the card unsigned.   He wrote a number of letters to defendant Francis, requesting a statement of his account. He did not receive it.   Defendants contended that the notice and card, which plaintiff claimed he received in May, 1921, was mailed in December, 1920, and that plaintiff thereafter returned the card signed by him.   The card, however, was not produced.   The court below held that, because plaintiff did not protest against the transfer of his account, he ratified it by allowing the matter to run along for a time.   The evidence, however, did not warrant the trial court in holding as a matter of law that plaintiff ratified the acts of defendants in transferring his account to James & Co., even though he may not have consented to the transfer.   A verdict should not have been directed for defendants.   The questions as to plaintiff's consent to the transfer of his account and of his alleged ratification of such transfer should have been submitted to the jury.

Judgment reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

GUY and WAGNER, JJ., concur.

Judgment reversed and new trial ordered.